LOCHRIDGE *v.* MORGAN, ordinary.

No. 13602. MARCH 11, 1941.

*B. L. Milling* and *Mitchell & Mitchell,* for plaintiff.

*J. A. McCurdy Jr.,* for defendant.

JENKINS, Justice. Before the amendatory act approved August 27, 1931 (Ga. L. 1931, p. 184), as now embodied in the Code, § 49-604, the provision of law relative to the appointment of guardians for insane persons, as prescribed by the act approved August 20, 1918 (Ga. L. 1918, p. 162), was as follows: "Upon the petition of any person, on oath, setting forth that another is liable to have a guardian appointed . . the ordinary . . shall issue a commission directed to three reputable persons, two of whom shall be practicing medical physicians in good standing, said physicians to be residents of the county, if that number reside therein, and the county attorney or solicitor of any city court located in said county,

and, if no county attorney or solicitor of said city court, the solicitor-general of the circuit or some attorney of the county appointed by him, requiring them to examine by inspecting the person for whom guardianship or commitment to the sanitarium is sought," etc. According to the provisions of this original act, it is clearly apparent that it lay within the discretion of the ordinary, in addition to the appointment of two practicing medical physicians, to appoint either the county attorney or solicitor of any city court located in said county, and, if there were no such county attorney or solicitor, to appoint the solicitor-general of the circuit or some attorney of the county appointed by him. By the amendatory act approved August 27, 1931, supra, among certain other things enumerated in the caption, it was provided that the act was to be amended "so as to provide for the appointment of an attorney by the county attorney *to act in lieu of said county attorney* upon the commission *appointed* to examine the person for whom guardianship or commitment to the hospital is sought; to provide for appointment to serve on said commission in cases where county attorney is disqualified." It will thus be observed that the caption of the amendatory act of 1931 did not purport to amend the act of 1918 so as to strike or alter the provision allowing the ordinary to appoint either the county attorney or solicitor of any city court located in said county, but purported merely to provide for the appointment of some other attorney of the county by the county attorney when the county attorney has himself been *appointed*. The body of the amendatory act provides that the ordinary shall issue a commission "directed to three reputable persons, two of whom shall be practicing medical physicians in good standing, said physicians to be residents of the county, if that number reside therein, and the county attorney, or some attorney of the county appointed by said county attorney, or, in case of disqualification of county attorney, an attorney appointed by the ordinary of the county *appointed by said county attorney* or solicitor of any city court located in said county, and, if no county attorney or solicitor of said city court, the solicitor-general of the circuit or some attorney of the county appointed by him, requiring them to examine by inspecting the person for whom the guardianship or commitment to the hospital is sought," etc. A portion of the body of the amendatory act as quoted seems somewhat ambiguous or uncertain

in meaning. This might be said especially with reference to the quoted portion which we have italicized; but there is nothing in the language of the caption or in the act itself which in any wise purports to strike from or omit from the provisions of the original act of 1918 the authority of the ordinary to appoint in the first instance either the county attorney or the solicitor of any city court located in the county, in addition to the two physicians. It merely gives the county attorney, if appointed, the right like the solicitor-general, if appointed, to substitute in his stead the name of another attorney of the county, upon which being done it would be the duty of the ordinary to include the name of such other attorney in the commission; another provision being that, if the county attorney be disqualified, the ordinary himself may appoint some other attorney of the county in lieu of the county attorney.

It is true that in the body of the quoted portion of the amended act, in the text as printed, authorizing the ordinary to appoint the solicitor of the city court, no comma appears, as in the act of 1918, preceding the words "or solicitor of any city court," but it is apparent that the meaning of the act could not reasonably have reference to the appointment of the city-court solicitor by the county attorney, but must necessarily have meant by the ordinary, since that is what it says; nor can this ambiguous statute reasonably be construed to mean that the ordinary is empowered to appoint the solicitor of the city court only in the event the county attorney be disqualified, since the caption of the amendatory act does not purport to strike from the original act the authority of the ordinary to appoint in the first instance either the county attorney or the solicitor of the city court as the third member of the commission, but limits its purpose to provide for the appointment by the county attorney of another attorney of the county (or by the ordinary if the county attorney be disqualified) "to act in lieu of said county attorney *upon the commission appointed.*" That is to say, the county attorney when appointed can substitute another attorney of the county to act in his stead. Such ambiguity as there was in the language contained in the body of the amended act appears to have been carefully and completely eliminated by the codifiers in the preparation of the present Code of 1933. This Code section as adopted by the General Assembly is now the law of the State. The material portions of this section, bearing on the ques-

tion now before us, as embodied in section 49-604, and constituting the present law on the subject, are as follows: "Upon the petition of any person, on oath, setting forth that another is liable to have a guardian appointed," the ordinary "shall issue a commission directed to three reputable persons, two of whom shall be practicing medical physicians in good standing, said physicians to be residents of the county, if that number reside therein, and the county attorney, or some attorney of the county appointed by said county attorney (or, in case of disqualification of the county attorney, an attorney appointed by the ordinary of the county), or the solicitor of any city court located in said county, and, if no county attorney or solicitor of said city court, the solicitor-general of the circuit or some attorney of the county appointed by him, requiring them to examine," etc. By this Code section the confusion resulting from the phrasing of the provision in the amendatory act for the appointment of another attorney of the county by the ordinary when the county attorney is disqualified is put in brackets, and the comma preceding the words "or the solicitor of any city court" is restored, with the result that it is made just as perfectly plain as it was by the original act of 1918 that the ordinary shall issue his commission to two practicing physicians and to either the county attorney or the solicitor of any city court located in said county, with the provision that, if there be no county attorney or solicitor of such a city court, the solicitor-general of the circuit shall be designated, unless the solicitor-general himself shall name some attorney of the county to serve in his stead, in which event the commission shall include the name of such designated attorney. It appears both from the caption of the amendatory act of 1931 and from the ambiguous language of that act itself, as well as from the plain interpretation of the legislature in adopting the present Code, that the only purpose of these amendatory provisions of the act of 1931 was to provide that the county attorney, if appointed, could, if he chose, like the solicitor-general, designate some other attorney of said county to serve in lieu of himself, or, if the county attorney was disqualified, the ordinary himself might if he chose appoint some other attorney of the county in lieu of the county attorney; but there is nothing in the ambiguous amendatory act of 1931, and certainly nothing in the plain and unambiguous Code section as now existing, which takes from the ordinary the right and power

to designate in the first instance as the third member of the commission either the county attorney or the solicitor of any city court located in said county.

The ruling here made is not in conflict with the holding of this court in *Templeman* v. *Jeffries*, 172 *Ga.* 895 (159 S. E. 248), which dealt with a case arising before the passage of the amendatory act of 1931, and pertained to a county *in which there was a county attorney, but in which there was no such officer as a solicitor of a city court.* This being true, it was the duty of the ordinary to include in his commission the county attorney, since it was only in the event that there was no such officer as either a county attorney or solicitor of a city court that he was authorized to appoint the solicitor-general of the circuit. The ordinary having included the solicitor-general in his commission, and having failed to appoint the county attorney, when there was one, the court properly held that the commission was unlawfully constituted.

*Judgment affirmed. All the Justices concur.*